UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TADDESE TEWELDE, ET AL.,<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 13-6199 |
| FEDERAL EMERGENCY<br>MANAGEMENT ADMINISTRATION,<br>    Defendants | SECTION: "E" (5) |

## ORDER AND REASONS

This is a civil action under the National Flood Insurance Program ("NFIP").[1] Plaintiffs seek to recover insurance proceeds from the Federal Emergency Management Administration ("FEMA") for flood damage allegedly caused by Hurricane Isaac. FEMA has moved for summary judgment.[2] The question presented is whether the failure to file a Proof of Loss ("POL") is fatal to Plaintiffs' claims.

For the following reasons, the motion for summary judgment is GRANTED. Plaintiffs' claims are DISMISSED WITH PREJUDICE.

## BACKGROUND

The basic facts are undisputed. Plaintiffs maintain separate policies of flood insurance with FEMA on the following Louisiana properties: 4719 Jean Lafitte Blvd. (the "Residence"), 2756 Couvas Street (the "Warehouse"), and 2695 Jean Lafitte Blvd. (the

---

[1] 42 U.S.C. § 4001 *et seq.*
[2] R. Doc. 11. Plaintiff has named as a defendant "Federal Emergency Management Agency (FEMA), a Division of the United States Department of Homeland Security, administration for the National Flood Insurance Program." R. Doc. 1, ¶3. Absent a waiver of sovereign immunity, federal agencies such as FEMA or the Department of Homeland Security ("DHS") may not be sued *eo nomine*. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The NFIP contains a narrow waiver of sovereign immunity. 42 U.S.C. § 4072. The proper party defendant in this case is Jeh Johnson, the secretary of DHS, or Craig Fugate, the Administrator of FEMA. Johnson and Fugate have responded to Plaintiffs' claims. For purposes of clarity, however, the Court will refer to Johnson and Fugate as "FEMA."

1

"Piggy Wiggly" store). Plaintiffs submitted claims to FEMA for all three properties after Hurricane Isaac.

On September 4, 2012, FEMA sent an independent adjuster to the Residence and the Warehouse. The adjuster recommended a total payment of $90,338.64 for the Residence and $19,232.71 for the Warehouse. Plaintiffs submitted timely POL's for these amounts. Each POL contained the following handwritten notation by Plaintiff Taddese Tewelde: "Payment is not final." FEMA paid the POL's in full on October 24, 2012. Plaintiffs did not submit any further POL's for the Residence or the Warehouse.

On September 4, 2012, FEMA sent an independent adjuster to the Piggly Wiggly. The adjuster estimated there was no recoverable damage. Plaintiffs did not submit a POL.

Plaintiffs filed suit against FEMA on October 19, 2013. They contend that FEMA paid less than 40% of their losses on the Residence and the Warehouse, and that FEMA unlawfully ignored their claim on the Piggly Wiggly.[3]

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."[5] The Court reviews the evidence in the light most favorable to the non-moving party.[6]

---

[3] R. Doc. 1.
[4] Fed. R. Civ. P. 56(a).
[5] *Thorson v. Epps*, 701 F.3d 444, 445 (5th Cir. 2012).
[6] *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

## DISCUSSION

Congress promulgated the NFIP to provide insurance coverage at or below actuarial rates.[7] A policy issued under the NFIP is called a Standard Flood Insurance Policy ("SFIP").[8] As administrator of the NFIP, FEMA sets the terms and conditions of all SFIPs.[9] One such condition requires the insured to submit a Proof of Loss ("POL") within 60 days of the loss, subject to any extensions approved by FEMA.[10] With respect to losses arising from Hurricane Isaac, FEMA has extended the deadline for filing a POL to 240 days.[11] Thus, Hurricane Isaac claimants had until April 28, 2013 to submit a POL.[12]

Plaintiffs have not submitted POL's for *any* of the losses they seek to recover in this suit. The law is clear that failure to file a timely POL serves as a "complete bar" to recovery.[13] Plaintiffs attempt to avoid this established precedent with three arguments.[14]

First, Plaintiffs argue FEMA should be estopped from asserting the POL requirement, because FEMA never informed them of the requirement or provided a blank POL. Estoppel arguments are generally unavailable in suits against SFIP carriers.[15] Furthermore, NFIP regulations provide that timely submission of a POL is a condition precedent to recovery under an SFIP and that it is the duty of the insured—not

---

[7] *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1054 (5th Cir. 2008) (per curiam).
[8] *Id.*
[9] *Id.*
[10] *Wright v. Allstate Ins. Co.*, 415 F.3d 383, 385 (5th Cir. 2005).
[11] *Rudolph v. Fed. Emergency Mgmt. Agency*, No. 13-6255, 2014 WL 295154, at *3 (E.D. La. Jan. 27, 2014).
[12] *Hall v. U.S. Dept. of Homeland Sec.*, No. 13-241, 2014 WL 2155244, at *2 (E.D. La. May 22, 2014).
[13] *Fowl v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, No. 12-283, 2013 WL 392599, at *1 (E.D. La. Jan. 31, 2013); *see also Wright*, 415 F.3d at 387 ("Courts have enforced this requirement strictly, holding that failure to timely file a POL complying with the regulatory requirements is a valid basis for denying an insured's claim.") (collecting cases); *Marseilles*, 542 F.3d at 1056 (citing *Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 F. App'x 295 (5th Cir. 2008) (unpublished)).
[14] Plaintiffs' opposition memorandum presents a series of inchoate arguments. The Court has distilled the arguments as best it can.
[15] *See Marseilles*, 542 F.3d at 1056; *Richardson*, 279 F. App'x at 299–300.

the insurance adjuster—to obtain and complete a POL.[16]  "Where federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds."[17]  Even misconduct by government agents does not relieve a citizen of this responsibility.[18]  Plaintiffs are thus charged with constructive knowledge of NFIP regulations, including the POL requirement.[19]

Plaintiffs' second and third arguments relate to their claims on the Residence and the Warehouse.  Because Plaintiffs already submitted a POL for the Residence and the Warehouse, they contend they were not required to submit a new POL for either property.  The Court disagrees.  "If an insured seeks further funds beyond what his insurer has already disbursed under a SFIP, a Proof of Loss is required for the supplemental claim, just as it was for the original claim."[20]

Finally, Plaintiffs argue that by paying the Residence and Warehouse POL's—each of which contained the handwritten statement "Payment is not final"—FEMA somehow waived the POL requirement or acknowledged that Plaintiffs were owed more money.  Unsurprisingly, Plaintiffs cite no authority for this bold argument.  The NFIP regulations explicitly provide that an SFIP "cannot be changed nor can any of its provisions be waived without the express written consent of the Federal Insurance

---

[16] *See* 44 C.F.R. § 61, App. A(2), Art. VII(J)(4), (7).
[17] *Wright*, 415 F.3d at 388.
[18] *See id.*; *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 63 (1984) ("Protection of the public fisc requires that those who seek public funds . . . . are expected to know the law and may not rely on the conduct of Government agents contrary to law.").
[19] *See Richmond Printing LLC v. Director of Fed. Emergency Mgmt. Agency*, 72 F. App'x 92, 98 (5th Cir. 2003) (unpublished) ("The unique situation presented by the NFIP creates additional responsibilities for the insured. One of those responsibilities is that, given that the insured is doing business with the government and that the terms of the SFIP are published in the CFR, the insured has a duty to read and understand the terms of its SFIP."); *Neyland v. Am. Reliable Ins. Co.*, No. 06-8859, 2007 WL 1455966, at *2–3 (E.D. La. May 16, 2007) (rejecting similar argument).
[20] *Howell-Douglas v. Fidelity Nat'l Indem. Ins. Co.*, 24 F. Supp. 3d 579, 582–83 (E.D. La. 2014); *see also Fowl*, 2013 WL 392599, at *1 (finding that the POL requirement applies "not only to initial claims made by policyholders, but also to additional and/or supplemental claims filed with the policy provider.").

Administrator. No action [FEMA] takes under the terms of this policy constitutes a waiver of any of our rights."[21] Plaintiffs did not receive a written waiver. Therefore, their waiver argument is explicitly foreclosed.[22]

## CONCLUSION

Plaintiffs have failed to submit a POL for the amounts claimed in this lawsuit. FEMA is entitled to judgment as a matter of law.

**New Orleans, Louisiana, this 27th day of March, 2015.**

                                 *Susie Morgan*
                                 **SUSIE MORGAN**
                         **UNITED STATES DISTRICT JUDGE**

---

[21] 44 C.F.R. § 61, App. A(1), Art. VII ¶D.
[22] *See Richardson*, 279 F. App'x at 299 (rejecting waiver argument).

5